___ FILED ___ ENTERED
___ LOGGED ___ RECEIVED

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

JAN 28 2013

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CASE NO. 13-164 WGC |
| v. ) | |
| ) | UNDER SEAL |
| CLIFTON ALFONSO ROBOTHAM ) | |

**AFFIDAVIT IN SUPPORT OF CRIMINAL
COMPLAINT AND ARREST WARRANT**

I, Task Force Officer Michael K. Trader, being duly sworn, state as follows:

**INTRODUCTION**

1. This affidavit is submitted in support of a criminal complaint for Clifton Alfonso Robotham. The facts and information in this affidavit are based upon the observations and knowledge of law enforcement officers involved in this investigation. This application contains information necessary to support probable cause for this application and is not intended to include each and every fact and matter observed by me or known to the government.

**BACKGROUND AND EXPERIENCE**

2. Your Affiant, Michael Trader, is a Task Force Officer with the Department of Homeland Security (DHS), and has been with DHS since October 2012. Your Affiant is currently assigned to the Homeland Security Investigations (HSI) Drug and Money Laundering Initiative (DMLI). In addition to this current assignment, your Affiant serves as a Corporal with the Prince George's County (Maryland) Police Department (PGPD) and has been employed by PGPD for nine years. Your Affiant was previously assigned to the Narcotic Enforcement Division, Major Narcotics Section, Major Conspiracy Squad as a Narcotics Detective. Your Affiant has received training in general law enforcement and in narcotics law enforcement from the Prince George's County Community Policing Institute, concluding in March 2004. Your Affiant has furthered his experience by attending and completing the following schools, seminars, and/or classes: Clandestine Lab Awareness training seminar, prepared by the Multijurisdictional Counterdrug Task Force, in October 2006; Characteristics of Armed Persons/Firearms Identification Training, prepared by PGPD, in January 2007; Special Assignment Team Training Class, prepared by PGPD, in November 2007; Internet Based Investigations and Prevention Techniques, prepared by the Maryland Community Crime Prevention Institute, in March 2008; Surveillance Detection Course, prepared by DHS, in November 2008; Street Skills for False ID Recognition, prepared by the Naval District – Washington Police Department, in November 2008; Basic Investigator

1



School, prepared by PGPD, in March 2009; Marijuana Grow Investigations, prepared by the Multijurisdictional Counterdrug Task Force, in February 2010; Top Gun – Undercover Drug Law Enforcement Training, prepared by the Northeast Counterdrug Training Center, in April 2010; Basic Narcotics Investigators Training, prepared by PGPD, in April 2010; the Clandestine Laboratory Investigation/Safety Certification Program, prepared by the Drug Enforcement Administration, in May 2010 (with annual recertification); the Search Warrant Mini-Camp, prepared by the Honorable C. Philip Nichols of the Prince George's County Circuit Court, in January 2011; the DEA Basic Narcotics Investigator School, prepared by the Drug Enforcement Administration, in May 2011; Cell Phone Investigations, prepared by GeoCell Communication Intelligence, in August 2012; Pharmaceutical Drug Investigations, prepared by the Multijurisdictional Counterdrug Task Force, in September 2012; and Technologies Against Police and Prosecutors, prepared by the Northeast Counterdrug Training Center, in November 2012. Your Affiant has conducted numerous investigations for violations of the Maryland Controlled Dangerous Substance Act and these investigations have resulted in the arrests of persons for violations of the Maryland Controlled Dangerous Substance Act. Your Affiant's testimony in said arrests has been accepted by the courts of the State of Maryland and has resulted in the convictions of said persons for violations of the Controlled Dangerous Substances Act of the State of Maryland. Your Affiant has received extensive training, both formal and on-the-job, in the provisions of the federal firearms laws and Uniform Controlled Substances Act as set forth in Titles 18 and 21 of the United States Code. Your Affiant has participated in the investigation, arrest, and prosecution of individuals for violations of the Gun Control Act and the Uniform Controlled Substances Act and has prepared and participated in search and seizure warrants relating to illegal activity involving firearms and narcotics. Your Affiant's testimony in said arrests has been accepted by the United States District Court for the District of Maryland and has resulted in the convictions of said persons for violations of the Gun Control Act and the Uniform Controlled Substance Act of the United States Code.

3.   Your Affiant knows that it is a violation of Title 21, United States Code, Section 841 to distribute or possess with intent to distribute a controlled substance.

**PROBABLE CAUSE**

4.   On August 30, 2012, your Affiant (and other members of PGPD) initiated surveillance on the address of 7904 Tyler Street, Glen Arden, Prince George's County, Maryland. At approximately 6:45 p.m., a detective observed a black male (later identified as Clifton ROBOTHAM) exit the address and enter the driver's seat of a tan Chrysler Minivan, bearing Maryland registration plate "176M415."

9.   As the Chrysler Minivan exited the neighborhood, two PGPD officers in a marked PGPD cruiser observed the vehicle fail to stop at the stop sign line at the intersection of James Farmer Way and Martin Luther King Boulevard, Glen Arden, Prince George's County, Maryland.

2



ROBOTHAM made a left turn onto Martin Luther King Boulevard. One of the officers initiated the emergency equipment on the cruiser. ROBOTHAM then changed from one lane to another lane, and then crossed back over to the left turn lane, making a left onto Dellwood Court. After ROBOTHAM turned into the 8200 block of Dellwood Court, he quickly stopped the vehicle, opened the driver's door and appeared to be exiting the vehicle. Both officers quickly exited their cruiser and began to approach ROBOTHAM's vehicle. ROBOTHAM then re-entered his vehicle, closed the driver's door, then drove away at a high rate of speed. ROBOTHAM drove to the dead end of Dellwood Court, where he exited his vehicle, fleeing on foot down the embankment towards Hayes Street.

10.  Your Affiant observed ROBOTHAM running through a yard near the intersection of Hayes Street and Echols Avenue. Your Affiant exited his unmarked vehicle, identified himself as a County Police Officer, ordered ROBOTHAM to stop running, and told ROBOTHAM that he was under arrest. ROBOTHAM continued to run down Echols Avenue and onto Dellwood Avenue. Your Affiant eventually caught up to ROBOTHAM near 7941 Dellwood Avenue and forced him to the ground. Your Affiant again told ROBOTHAM that he was under arrest and to stop resisting arrest. ROBOTHAM continued to physically struggle with your Affiant and refused numerous commands to stop resisting and to place his hands behind his back. While ROBOTHAM was resisting arrest, ROBOTHAM placed a plastic bag of suspected cocaine in his mouth and began to chew the bag, attempting to consume its contents. After a period of time, another PGPD officer arrived to assist. Eventually, ROBOTHAM was placed in handcuffs.

11.  After ROBOTHAM attempted to consume the contents of the plastic bag that he had placed in his mouth, ROBOTHAM spit out the plastic bag into the grass nearby. A PGPD officer recovered the bag, along with the suspected cocaine that had been spit into the grass. The suspected cocaine was later determined to be cocaine base (commonly known as crack). Pursuant to a search incident to arrest of ROBOTHAM, a plastic bag containing eight smaller bags of suspected cocaine base was recovered from his pants pocket. Based on his training and experience, Your Affiant knows that possessing eight smaller bags of suspected cocaine base is consistent with the distribution of cocaine base.

12.  The PGPD lab weighed and tested the substances recovered from ROBOTHAM and confirmed that the substances were cocaine base and that the total weight of the cocaine base was 53.55 grams. Cocaine base is a controlled substance.



## CONCLUSION

19. Based on the above information, your Affiant believes that probable cause exists to arrest Clifton Alfonso ROBOTHAM for a violation of 21 U.S.C. § 841 on or about January 24, 2013 within the District of Maryland.

_____ #2773
Michael K. Trader, Task Force Officer
Department of Homeland Security
Homeland Security Investigations

Subscribed and sworn before me this 25th day of January 2013.

_____
William Connelly
Chief United States Magistrate Judge